USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/7/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIDGET KAYSER,

                               Plaintiff,

   -against-

GUARDIAN LIFE INSURANCE COMPANY OF
AMERICA, et al.,

                              Defendants.

No. 19-cv-454 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

      Plaintiff Bridget Kayser ("Plaintiff") brings this action against Guardian Life Insurance Company of America ("Defendant" or "Guardian") and Berkshire Life Insurance Company of America asserting claims arising from Defendants' denial of Plaintiff's application for disability benefits.[1] (ECF No. 1-1.) Plaintiff asserts breach of contract, fraud, and violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., against Guardian. On July 6, 2020, Guardian moved for summary judgment as to the claims against Guardian only. (ECF No. 26.) For the following reasons, Guardian's motion for summary judgment is GRANTED in part and DENIED in part.

## BACKGROUND

      This action concerns Defendant's behavior during its evaluation of and its denial of Plaintiff's application for long-term disability benefits.

**I.    The Plan**

---

[1] Plaintiff initially brought claims against Tifco Industries but withdrew those claims. (ECF No. 18.)

Tifco Industries' employee welfare benefit plan (the "Plan") provides disability benefits to covered employees pursuant to the terms of Group Policy No. G-00308693-L4. (Def.'s Local Rule 56.1 Statement ("Def.'s 56.1") (ECF No. 28) ¶ 1; Pl.'s Resp. to Def.'s Local Rule 56.1 Statement ("Pl.'s 56.1") (ECF No. 32) ¶ 1.) The Plan grants discretionary authority to Defendant: "Guardian is the Claims Fiduciary with discretionary authority to determine eligibility for benefits and to construe the terms of the Plan with respect to claims." (Def.'s 56.1 ¶ 2; Pl.'s 56.1 ¶ 2.)

The Plan defines "disability" as "physical, mental or emotional limits caused by a current sickness or injury" due to which (s)he is "not able to perform the major duties of his or her own occupation or any gainful work . . . During the [90-day] elimination period and the own occupation period [which is equivalent to the first 24 months of benefit payments pursuant to the Plan], he or she is not able to perform, on a full-time basis, the major duties of his or her own occupation." (Def.'s 56.1 ¶ 3, 4; Pl.'s 56.1 ¶ 3, 4.) The Plan defines "own occupation" as "[a] covered person's occupation as done in the general labor market in the national economy. To determine the duties and requirements of his or her own occupation, we use (a) the job description provided by the plan sponsor; and (b) the duties and requirements of that occupation as shown in the most recent version of the Dictionary of Occupational Titles." (Def.'s 56.1 ¶ 5; Pl.'s 56.1 ¶ 5.) The Plan requires claimants to provide proof of loss. The Plan limits an employee from bringing a legal action more than three years after the date of filing a proof of loss. (Def.'s 56.1 ¶ 7.)[2]

II. **Plaintiff's Disabilities**

---

[2] Plaintiff purportedly disputes this fact; however, Plaintiff's dispute is not related to what the Plan says, but rather whether the Plan's provision applies in this instance.

Plaintiff filed a short-term disability claim with a diagnosis of tinnitus from her primary care physician, Dr. Joseph Franceschina, and a date of disability of March 2, 2012. (Def.'s 56.1 ¶ 8.) Dr. Franceschina referred Plaintiff to an otolaryngologist, Dr. Jay Klarsfeld, who performed surgery on Plaintiff on March 23, 2012. (Def.'s 56.1 ¶ 9; Pl.'s 56.1 ¶ 9.) The parties dispute the date that Dr. Klarsfeld cleared Plaintiff to return to work. Dr. Klarsfeld provided an Attending Physician's Statement of Disability ("APS") indicating that Plaintiff was recovered and had returned to full-time work on April 3, 2012. (Def.'s 56.1 ¶ 8.) However, Plaintiff resubmitted the APS with the April 3, 2012 date crossed out and with a return-to-work date of May 29, 2012. (Def.'s 56.1 ¶ 11.) Dr. Klarsfeld informed Guardian that neither he nor anyone from his office changed the return-to-work date. (Def.'s 56.1 ¶ 12.) However, Plaintiff indicates that Dr Klarsfeld mistakenly put the incorrect date on the backdated form and that someone from his office—she is unsure who—corrected it. Both dates, April 3, 2012 and May 29, 2012 are prior to the expiration of the Plan's 90-day elimination period. (Def.'s 56.1 ¶ 14; Pl.'s 56.1 ¶ 14.)

Plaintiff stated that on April 9, 2012, she went to see Sue Peters, a Licensed Professional Counselor, who diagnosed Plaintiff with anxiety. (Kayser Aff. (ECF No. 31-6) ¶ 9.) Plaintiff indicated that she informed Defendant of her anxiety diagnosis and was told she did not need to submit an additional claim form because the diagnosis was comorbid with her sinus disability. (Kayser Aff. ¶ 10.) Sue Peters submitted Short Term Disability forms on April 20, 2012 and an APS on July 27, 2012, in which she reported that she had diagnosed Plaintiff with anxiety and indicated that Plaintiff was experiencing "sleeplessness, agitation, difficulty focusing, tearfulness, [and] migraine headaches." (Def.'s 56.1 ¶ 15; Pl.'s 56.1 ¶ 15.) Defendant argues that Ms. Peters did not assert that Plaintiff's conditions were disabling, (Def.'s 56.1 ¶ 16); however, Plaintiff indicates that while Ms. Peters did not check the "totally disabled" box, she listed the

code for anxiety as a description of her disability and the Plan does not require Plaintiff to be "totally disabled" to receive benefits. (Pl.'s 56.1 ¶ 16.) Plaintiff stated that in late May 2012, she contacted Defendant to let Defendant know that she was suffering from shoulder pain and Defendant advised Plaintiff that she need not submit any additional forms because the condition was comorbid with her sinus disability. (Kayser Aff. ¶ 12-12.)

On April 2, 2013, Defendant denied Plaintiff's application for long-term disability benefits, indicating that "[b]ecause we determined that no benefits were payable as no initial proof of loss has been submitted, we have not further reviewed the claim to determine whether other provisions of the Plan have been met." (Def.'s 56.1 ¶ 54-55; Pl.'s 56.1 ¶ 54-55.) Plaintiff appealed. On June 28, 2013, Defendant denied Plaintiff's appeal, indicating that "Plaintiff had failed to submit medical evidence proving her inability to perform the major duties of her occupation, and had failed to establish that she was under the regular care of a physician, throughout the Plan's 90-day Elimination Period." (Def.'s 56.1 ¶ 68-69; Pl.'s 56.1 ¶ 68-69.)

## STANDARD OF LAW

Summary judgment is appropriate only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, summary judgment will not lie where there is a "dispute[] over facts that might affect the outcome of the suit under the governing law" and "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The Supreme Court has made clear that 'at the summary judgment stage the judge's function is not [] to weigh the evidence and determine the truth of the matter[.]'" *Westinghouse Elec. Corp. v. N.Y.C. Trans. Auth.*, 735 F. Supp. 1205, 1212 (S.D.N.Y. 1990) (quoting *Anderson*, 477 U.S. at 249). Rather, the relevant inquiry is "whether the evidence

4

presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. In deciding a motion for summary judgment, courts must "constru[e] the evidence in the light most favorable to the non-moving party and draw[] all reasonable inferences in its favor." *Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (internal citation and quotations omitted).

The moving party bears the initial burden of pointing to evidence in the record "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may also support an assertion that there is no genuine dispute by showing "that [the] adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). If the moving party fulfills its preliminary burden, the onus shifts to the non-moving party to identify "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (internal citation and quotation marks omitted).

The party asserting that a material fact is genuinely disputed must support his or her assertion by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). "Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999). In addition, "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson*, 477 U.S. at 252.

## DISCUSSION

Plaintiff avers, and there is evidence in the record to plausibly support, that Defendant (1) considered inaccurate employment and job description information provided by Tifco in its denial of Plaintiff's claim, (2) failed to fully consider Plaintiff's comorbid conditions—*ie*, her shoulder injury and anxiety, including by failing to evaluate the conditions during its Independent Medical Examinations ("IME"), (3) improperly concluded that Plaintiff's anxiety did not render her disabled as defined under the Plan because Plaintiff's provider indicated that Plaintiff was not *totally* disabled, (4) provided Plaintiff with inaccurate information and failed to provide Plaintiff with requested information, and (5) failed to properly communicate with Plaintiff. As such, Plaintiff brings claims for breach of contract, fraud, and violation of ERISA.

## I. State Claims

Defendant argues that Plaintiff's breach of contract and fraud claims are preempted by ERISA. *See* 29 U.S.C. § 1144(a) (ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan"); *Kennedy v. Empire Blue Cross and Blue Shield*, 989 F.2d 588, 591 (2d Cir. 1993) ("ERISA preempts state law contract claims respecting denials of benefits under employee benefit plans"); *Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270, 288 (2d Cir. 1992). Plaintiff "concedes that the state claims, only as against Guardian, are, in fact, subject to preemption under ERISA, but the fraud and concealment in those claims are also necessarily subsumed into the ERISA claim." (ECF No. 31.) Accordingly, the Court dismisses Plaintiff's breach of contract and fraud claims against Defendant.

## II. ERISA Violations

A. *Statute of Limitations*

Defendant argues that Plaintiff's ERISA claim is time-barred. Under the Plan, "[a]n employee . . . can't bring legal action against this Policy after three years from the date [s]he files

proof of loss." Plaintiff filed her proof of claim in 2012 and this litigation commenced in 2019; therefore, Defendant argues this litigation is untimely. Plaintiff does not dispute the Plan's proscribed statute of limitations nor that it applies; instead, she argues that she "is entitled to claim a six-year statute of limitations for [Defendant]'s fraud and concealment." (ECF No. 31 at 13.)

Title 29, United States Code Section 1113 provides that "[n]o action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of—(1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation; *except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.*" 29 U.S.C. § 1113 (emphasis added).

1. Breach of Fiduciary Duty Claim

The extended statute of limitations that Plaintiff invokes is only applicable to ERISA claims brought for breach of fiduciary duty. Defendant argues that Plaintiff failed to allege a breach of fiduciary duty in her Complaint. "A party may not use his or her opposition to a dispositive motion as a means to amend the complaint." *Shah v. Helen Hayes Hosp.*, 252 F. App'x 364, 366 (2d Cir. 2007). This is because "a failure to assert a claim until the last minute will inevitably prejudice the defendant." *Beckman v. U.S. Postal Serv.*, 79 F. Supp. 2d 394, 407 (S.D.N.Y. 2000). However, a plaintiff "need not cite to a particular statute or legal theory", *Klein v. Frenkel*, 2015 WL 13721693, at *4 (E.D.N.Y. Feb. 19, 2015), but rather "must set forth facts

7

that will allow each party to tailor its discovery to prepare an appropriate defense." *Beckman v. U.S. Postal Serv.*, 79 F. Supp. 2d 394, 407 (S.D.N.Y. 2000).

Nowhere in the Complaint does Plaintiff explicitly allege breach of a fiduciary duty. However, Plaintiff pleads the facts upon which her breach of fiduciary duty claims rests. To state a claim for breach of fiduciary duty a plaintiff must allege a "breach by a fiduciary of a duty owed to plaintiff; defendant's knowing participation in the breach; and damages." *SCS Commc'ns, Inc. v. Herrick Co.*, 360 F.3d 329, 342 (2d Cir.2004). Plaintiff alleges that Defendant "engaged in a series of deceptive practices including, among other things, altering documents, falsely claiming to copy [Plaintiff] on material documents, and misrepresenting [Plaintiff's] legal obligations" and that Defendant "was fully aware that such actions were in furtherance of the misrepresentation and abetting its efforts to refuse coverages to" Plaintiff.[3] (ECF No. 1-1 at 15.) Further, Plaintiff alleges a relationship between Defendant and Plaintiff that would imply the existence of a fiduciary duty. Finally, while Plaintiff alleges in her ERISA cause of action that Defendant "acted arbitrarily and capriciously," the standard by which an ERISA denial of benefits claim would be reviewed, Plaintiff also alleges that Defendant "deferred any actual documented denial from which she could appeal," which goes to Defendant's breach of its fiduciary duty. (ECF No. 1-1 at 16.) The affirmative misrepresentation by an administrator of the terms of a plan or the failure to provide information when it is known that the failure to do so might cause harm, has been deemed to constitute a breach of a fiduciaries duty to individual plan participants and beneficiaries. *See In re Unisys Corp. Retiree Med. Benefit "ERISA" Litig.*, 57 F.3d 1255, 1264 (3d Cir.1995).

---

[3] Plaintiff alleges these facts as part of her state claim for fraud; however, she repeats and realleges these allegations as part of her cause of action for violation of ERISA.

8

Accordingly, the Court finds that Plaintiff sufficiently plead facts to put Defendant on notice that she was pursuing a breach of fiduciary duty claim.

2. Fraud or Concealment

Plaintiff argues that a six-year statute of limitations should apply to her breach of fiduciary duty claim because this is a case of "fraud or concealment."[4] The extended statute of limitations applies where "a fiduciary: (1) breached its duty by making a knowing misrepresentation or omission of a material fact to induce an employee/beneficiary to act to his [or her] detriment; or (2) engaged in acts to hinder the discovery of a breach of fiduciary duty." Plaintiff argues that Defendant breached its duty when it (1) failed to investigate her disabilities stemming from anxiety and shoulder injury, and (2) constantly relayed incorrect information and miscommunicated with Plaintiff.

Upon review of the record in the light most favorable to Plaintiff, the Court finds that there is a genuine dispute of material fact as to whether Defendant breached its fiduciary duty to Plaintiff by withholding material information and providing incorrect information to Plaintiff. For example, there is evidence that Defendant failed to provide requested documentation and repeatedly sent documentation to incorrect contacts. In doing so, a jury could plausibly find that Defendant induced Plaintiff to fail to provide information that may have secured her benefits under the Plan. Defendant argues that this case is analogous to *Demopoulos v. Anchor Tank Lines, LLC*, where the Court found no fraud or concealment because the breach of fiduciary duty arose from nonpayment of funds. *Demopoulos v. Anchor Tank Lines, LLC*, 117 F. Supp. 3d 499,

---

[4] The Court notes that although 19 U.S.C. § 1113 also provides three and six-year statutes of limitations for breach of fiduciary claims that are not cases of "fraud or concealment," those statutes of limitations would not save Plaintiff's claim because Plaintiff was aware of the alleged breaches of fiduciary duty more than three years prior to the filing of her claims.

509 (S.D.N.Y. 2015). However, in *Demopoulos*, there was no "misrepresentation or omission made to employees or beneficiaries" whereas in this case, a jury could plausibly find otherwise.

The Court notes that not *all* of the conduct Plaintiff points to in the record could plausibly be construed through this lens; in fact, the majority of Plaintiff's grievances relate solely to Defendant's review of Plaintiff's claim and therefore speak to whether Defendant properly denied Plaintiff's claim and not whether Defendant breached a fiduciary duty by engaging in acts of "fraud or concealment." Accordingly, the Court denies Defendant's motion for summary judgment only as to Plaintiff's ERISA claim arising from an alleged breach of fiduciary duty pertaining to "fraud or concealment."

3. Other ERISA claims

As indicated above, co-mingled with Plaintiff's claim for breach of fiduciary duty is a claim to recover benefits under the Plan. To the extent Plaintiff seeks to have the denial of her benefits reviewed by this Court pursuant to 29 U.S.C. § 1132(1)(B), that claim is dismissed. Such a claim is subject to the three-year statute of limitations proscribed in the Plan and is therefore time-barred.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED in part and DENIED in part. Plaintiff's claims for breach of contract, fraud, and ERISA claim for denial of benefits are hereby DISMISSED. The only remaining claim against Guardian is Plaintiff's ERISA claim for breach of fiduciary duty. A status conference will be held on September 8, 2021 at 11 AM via teleconference. To access the teleconference, please follow these

directions: (1) Dial the Meeting Number: (877) 336-1839; (2) Enter the Access Code: 1231334 #; (3) Press pound (#) to enter the teleconference as a guest.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 26.

Dated: July 7, 2021
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge